UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT BOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00393-JRS-MJD |
| | ) |
| BUREAU OF PRISONS, et al. | ) |
| | ) |
| Respondents. | ) |

**Order Denying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Robert Boyd filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the United States Penitentiary in Terre Haute, Indiana.[1] He challenges the denial of his request for compassionate release, and he asserts that the term of imprisonment he received after violating his supervised release exceeded the applicable statutory maximum. For the reasons that follow, Mr. Boyd's petition must be denied.

**I. Factual and Procedural Background**

In January 2010, Mr. Boyd was convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. *United States v. Boyd*, 1:08-cr-00057-GNS-HBB (W.D. Ky.) ("Crim. Dkt."), dkt. 39. He received a sentence of 120 months' imprisonment and five years' supervised release. *Id.*

In March 2019, the district court revoked Mr. Boyd's supervised release and sentenced him to 27 months' imprisonment. Crim. Dkt. 119. Mr. Boyd's motion for reconsideration and his appeal

---

[1] According to the Bureau of Prisons website, Mr. Boyd was released in December 2020. *See* Federal Bureau of Prisons, Inmate Locator, *available at* www.bop.gov/inmateloc (last visited Jan. 4, 2022).

1

were unsuccessful. Crim. Dkts. 129, 154. Thereafter, Mr. Boyd filed this petition for a writ of habeas corpus. Dkt. 1.

## II. Discussion

Mr. Boyd raises two challenges in this § 2241 petition: (1) the Bureau of Prisons ("BOP") improperly denied his request for compassionate release; and (2) the 27-month sentence he received upon revocation of his supervised release exceeded the statutory maximum sentence allowed. Dkt. 1. For the reasons explained below, neither of Mr. Boyd's claims may proceed under § 2241.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

2

>The Seventh Circuit construed the savings clause in *In re Davenport*, holding:
>
>A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

Mr. Boyd's claims may not proceed under § 2241 because neither claim satisfies the first two *Davenport* factors. Mr. Boyd's claims do not rely on a case of statutory interpretation, nor are they based on a new rule that was previously unavailable to him. In fact, Mr. Boyd appealed the sentence he received upon revocation of his supervised release, arguing that it was unreasonable because it exceeded the maximum length permitted. Crim. Dkt. 154 at 3. And to the extent Mr. Boyd disagrees with the BOP's denial of his request for compassionate release, he could (and did) file a motion for compassionate release with the district court. *See* Crim. Dkts. 159, 161, 164. Section 2241 is not an available avenue for Mr. Boyd to seek relief.

---

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. Dkt. 14 at 4, n.2.

### III. Conclusion

For the foregoing reasons, Mr. Boyd's petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017). Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 1/8/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT BOYD
11308-033
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov